Craig E. Weinerman, OSB No. 96013
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, OR 97401
Craig_Weinerman@fd.org
(541) 465-6937 (telephone)
(541) 465-6975 (facsimile)

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | CR 09-60030-HO |
|---|---|
| Plaintiff, | PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA |
| vs. | |
| DAVID ALLEN RIOS, | |
| Defendant. | |

The defendant represents to the court:

1. My name is David Allen Rios. I am 31 years old. I have obtained my G.E.D.

2. My attorney is Craig E. Weinerman.

3. My attorney and I have discussed my case fully. I have received a copy of the Indictment or Information. I have read the Indictment or Information, or it has been read to me, and I have discussed it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in

Page 1 -   Petition to Enter Plea of Guilty, Certificate of Counsel, Order Entering Plea

this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows: that the defendant (1) unlawfully and willfully (2) caused; (3) the malicious damage or destruction; (4) by means of fire; (5) of real or personal property; (6) used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case.

4. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days.

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

    a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

    b. The right to have the assistance of an attorney at all stages of the proceedings;

    c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

    d. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

    e. The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

    f. The right not to be compelled to incriminate myself.

8. I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9. I this case I am pleading "GUILTY" under **Rules 11(c)(1)(A) and 11(c)(1)(B)**. My attorney has explained the effect of my plea under Rule 11(c)(1)(A) to be as follows:

    I plead guilty under Rule 11(c)(1)(A), pursuant to a Plea Agreement whereby the prosecutor has promised to dismiss or not bring other charges against me; therefore, at or before sentencing, the judge must either accept the Plea Agreement or allow me to withdraw my plea.

My attorney has explained the effect of my plea under Rule 11(c)(1)(B) to be as follows:

> I plead guilty under Rule 11(c)(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and the defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected to receive under the terms of my plea agreement with the prosecutor, I do not have a right to withdraw my plea

10. I know the maximum sentence which can be imposed upon me for the crime(s) to which I am pleading guilty is as follows: 20 years, and a fine of $250,000, and a mandatory minimum sentence of 5 years.

11. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100 per count of conviction.

12. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorney has discussed with me the Federal Sentencing Guidelines. I know The Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range established by the advisory Guidelines. If my attorney or any other person has calculated a guideline range for me, I know that this is only advisory, and is only one of the factors that the judge will consider in making a final decision as to what sentence will

be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14. I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15. I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release must be at least five years. If I violate the conditions of supervised release, I may be sent back to prison for up to three years.

16. I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Petition in this case does not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY". I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

22. My plea of "GUILTY" is not the result of force, threat, or intimidation.

23. I hereby request that the judge accept my plea of "GUILTY" to the following Count: 1.

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

Count 1: On or about September 10, 2008, in the District of Oregon, I did unlawfully and willfully cause malicious damage by means of fire to a building and other real and personal property used in interstate commerce and in activities affecting interstate commerce – the Pregnancy Alternative Clinic, 137 West Vine, Lebanon, Oregon

25. I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this __9__ day of February, 2010.

*David Allen Rios*
David Allen Rios
Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant David Allen Rios, hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this 9 day of February, 2010.

_____
Craig E. Weinerman
Attorney for Defendant

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 9th of February, 2010, in open court.

_____
Michael R, Hogan
U.S. District Court Judge



U.S. Department of Justice
United States Attorney
District of Oregon
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401-2708

Office: (541) 465-6771
Fax: (541) 465-6917

January 22, 2010

Craig Weinerman
Assistant Federal Public Defender
151 West 7th Ave. Suite 510
Eugene, OR 97401

Re: United States v. David Allen Rios
CR 09-60030-HO
Plea Agreement

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any other charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to Count 1 of the single count Superseding Information which charges the crime of arson in violation of Title 18, United States Code, Section(s) 844(i) and (2) subsequent to his execution of a written waiver of indictment.

3. **Penalties**: The maximum sentence is 20 years imprisonment, a mandatory minimum sentence of 5 years imprisonment, a fine of $250,000, up to 5 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of sentencing or explain to the court why this cannot be done. Defendant will be sentenced under the United States Sentencing Guidelines (USSG). Defendant understands that a mandatory minimum sentence is required and that this may restrict the application of downward adjustments and reductions in this case.

4. **Restitution**: Defendant will pay mandatory restitution as ordered by the court.

5. **Facts**: Defendant admits that on September 10, 2008, he entered and burglarized the Pregnancy Alternatives Center located at 136 West Vine, Lebanon, Oregon. After leaving the premises, he returned to the building and willfully set it on fire in order to conceal the burglary. The Pregnancy Alternatives Center building was used and involved in activities affecting interstate commerce.

6. **Career Offender**: The defendant acknowledges that he is a "Career Offender" pursuant to U.S.S.G. §4B1.1 which requires a base offense level of 32-VI pursuant to U.S.S.G. §4B1.1(b)(C) with a guideline range of 210 to 262 months prior to

adjustments.

7. **Acceptance**: The Government agrees to recommend a three (3) level reduction if defendant's offense level is 16 or greater; otherwise a two (2) level reduction applies. The Government reserves the right to change this recommendation if defendant, between plea and sentencing, acts inconsistent with acceptance of responsibility as explained in USSG § 3E1.1.

8. **Low End Range**: The parties recommend the low end of the applicable guideline range so long as the resulting sentence is not less than the jointly recommended 120 month term of imprisonment.

9. **Additional Departures**: The Government recommends defendant receive up to a 3 level downward departure pursuant to U.S.S.G. §5K1.1 for his substantial assistance so as to achieve the agreed upon 120 month sentence recommendation and further agrees not to seek any upward departures, variances or adjustments, under the advisory sentencing guidelines or under 18 U.S.C. §3553 except as specified in this agreement. Defendant agrees not to seek any downward departures, variances or adjustments, under the advisory sentencing guideline range or under 18 U.S.C. §3553 except as specified in this agreement.

10. **Joint Recommended Sentence**: The parties agree and jointly recommend defendant receive a 120 month sentence and stipulate that such a sentence is fair, reasonable and consistent with the advisory guidelines and accordance with the factors stated in 18 U.S.C. §3553.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant waives the right to appeal from the conviction and sentence unless the sentence imposed exceeds the statutory maximum or the court imposes an upward departure from the applicable guideline range. Should defendant seek an appeal, despite this waiver of that right, the Government may take any position on appeal. Defendant also waives the right to file a motion pursuant to 28 U.S.C. § 2255 to set aside the conviction and sentence, except on grounds of ineffective assistance of counsel, newly discovered evidence, or a retroactive change in the applicable guidelines or statute.

12. **Court Not Bound**: The court is not bound by the recommendations of the parties or of the Presentence Report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein..

13. **Full Disclosure/Reservation of Rights**: The Government will fully inform the PSR writer and the court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Craig Weinerman
Re: <u>United States v. David Allen Rios</u> Plea Letter
Page 3

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the Government is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Agreement to Dismiss State of Oregon Criminal Case**: It is agreed by the Government and the District Attorney's Office for Linn County, Oregon, that upon defendant being sentenced to the jointly recommended sentence of 120 months in the instant case, the case of <u>State of Oregon v. David Allen Rios</u>, Court No. 08-11-2340 filed in the Linn County Circuit Court for the State of Oregon, will be dismissed.

16. **Total Agreement**: This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

KENT S. ROBINSON
Acting United States Attorney

_____
KIRK A. ENGDALL
Assistant U.S. Attorney

I have read this agreement carefully and reviewed every part of it with my attorney. I understand the agreement and voluntarily agree to it. I am satisfied with the legal assistance provided to me by my attorney.

2-9-10
Date

_____
DAVID ALLEN RIOS
Defendant

I represent defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge defendant's decision to enter into this agreement is an informed and voluntary one.

9 Feb 10
Date

_____
CRAIG WEINERMAN
Attorney for Defendant